**IN THE SUPERIOR COURT OF GUAM**

OLIVIA T. CRUZ,

                  Plaintiff,

vs.

GEORGE V. CRUZ and GUAHAN
ACADEMY CHARTER SCHOOL,

                  Defendants.

Superior Court Case No. <u>CV0247-18</u>[1]

**DECISION AND ORDER
RE GUAHAN ACADEMY CHARTER
SCHOOL'S MOTION FOR SUMMARY
JUDGMENT**

The Court here considers Defendant Guahan Academy Charter School's ("GACS")

Motion for Summary Judgment. GACS claims that there is no genuine issue of material fact as

to its status as a bona fide purchaser of property conveyed to it by Defendant George V. Cruz

("George"). Finding that a genuine issue of material fact does exist, the Court DENIES the

Motion.

GACS additionally seeks leave to amend their pleadings. The Court DENIES this

request for failure to demonstrate good cause.

## I.   <u>FACTUAL BACKGROUND</u>

It is undisputed that in February 2016, a warranty deed was entered into between GACS

and George. The warranty deed was recorded with the Department of Land Management.[1]

Meanwhile, Olivia T. Cruz ("Olivia") claims that prior to George's conveyance to GACS,

he conveyed the same property to her. It is undisputed that prior to the recording of his deed to

---

[1] The recorded deed is attached to the Verified Complaint.

ORIGINAL

GACS, there is no recorded conveyance from George to Olivia. V. Compl. ¶ 8 (Mar. 26, 2018) (Olivia agreed not to record her deed).

In April 2017, Olivia's son, Attorney Ray Haddock, contacted Fe Valencia-Ovalles. Opp'n, Aff. Ray C. Haddock ¶ 3 (July 26, 2019).[2] Valencia-Ovalles is the Chairman of GACS's Board of Trustees and acted in that capacity during the relevant times of this property dispute issue. Aff. Fe Valencia-Ovalles ¶¶ 2-3 (Aug. 26, 2019). Haddock asserts that he informed Valencia-Ovalles that the purpose of his call was to discuss GACS's property purchase from George. Opp'n, Aff. Ray C. Haddock ¶ 4. Haddocks then asserts "Valencia-Ovalles immediately indicated that she knows why I was calling, and she knew that George executed a Deed to my mother." Opp'n, Aff. Ray C. Haddock ¶ 5.

Haddock followed up the call to Valencia-Ovalles with an email stating, "As we discussed, George advised you about the deed to my mother prior to your purchase . . . ." Opp'n, Aff. Ray C. Haddock, Ex. A. Valencia-Ovalles responded: "This information will be forwarded to the Board of Trustees and our legal counsel." Opp'n, Aff. Ray C. Haddock, Ex. B.

Valencia-Ovalles disputes that she or any member of GACS's Board knew of Olivia's claim before GACS purchased the property. Aff. Fe Valencia-Ovalles ¶¶ 16, 18-19. She also denies that she admitted during the phone call with Haddock that she knew of Olivia's interest prior to GACS's purchase. Aff. Fe Valencia-Ovalles ¶ 18.

---

[2] At the Motion hearing on September 4 ,2019, the Court struck Haddock's second affidavit, filed on the date of the hearing, as untimely. *See* GRCP 56(c) (opposing affidavits must be served prior to the day of the hearing).

ORIGINAL

## II.   LEGAL DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). The Court must examine all facts in a light favorable to the non-movant. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7.

### B. Whether it is Undisputed that GACS is a Bona Fide Purchaser

A bona fide purchaser acquires title through the payment of value, in good faith, and without actual or constructive notice of another's rights. *Taitano v. Lujan*, 2005 Guam 26 ¶ 27. A bona fide purchaser has an interest in property superior to all other persons who claim an interest in the same property. *Id.*

The primary question raised by GACS's Motion is whether there is a genuine dispute as to whether GACS had notice of Olivia's interest prior to its purchase of George's property. Through the Affidavit of Valencia-Ovalles and others, GACS has presented evidence that it lacked any notice; hence, GACS claims to indisputably qualify as a bona fide purchaser and thus have a superior interest in that property than Olivia does.

However, for the Court to determine that there is no genuine dispute about GACS' bona fide purchaser status, all inferences must be drawn in favor of the non-moving party--here, Olivia. Olivia has presented Haddock's Affidavit, which attests that Valencia-Ovalles verbally confirmed that she "knew that George executed a Deed to my mother." Aff. Ray C. Haddock ¶ 5. The Court notes that Haddock's representation of what Valencia-Ovalles said on the phone qualifies as an admission by a party-opponent. *See* Guam R. Evid. 801(d)(2)(C). As an

ORIGINAL

admission by a party opponent, the statement is not hearsay and it is therefore proper for consideration both at this stage and at trial.

While Haddock's Affidavit does not pinpoint whether Valencia-Ovalles's admission occurred before GACS purchased the property, the Court can infer that such a timeline is plausible. The question of how much weight to afford this allegation of admission is a question for the trier of fact. The Court therefore finds that Olivia has indeed raised a triable issue of fact as to whether GACS was on notice about Olivia's property interest.

GACS counters that Haddock's declaration is self-serving and therefore implicitly untrustworthy. It is true that a court should not consider a self-serving statement if it is contradicted by the record: "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 378-80 (2007). However, absent such a fundamental incongruity between a declaration and the record, there is no per se rule against self-serving declarations. *Conmeau v. Rupp*, 810 F. Supp. 1127, 1143 n.8 (D. Kan. 1992). Instead, a Court must apply its traditional evidentiary gatekeeping function to determine "whether the self-serving statement has probative value and whether its probative value is substantially outweighed by other considerations." *Id.*

While Haddock's statement that Valencia-Ovalles is self serving, it does not blatantly contradict the record. Haddock's statement only directly contradicts Valencia-Ovalles' own Affidavit claiming that she did not know about Olivia's deed. Because a reasonable trier of fact could choose to give weight to either statement, this dispute is better resolved at trial.

ORIGINAL

Thus, upon consideration of the undisputed evidence and looking at the evidence in a light most favorable to Olivia, the Court finds summary judgment to be inappropriate.

### C. Leave to Amend and Add a Counterclaim

GACS seeks to amend their pleadings to add a counterclaim against George. However, this request is untimely. This case initiated on March 6, 2018. V. Compl. (Mar. 6, 2018). The first Scheduling Order set a deadline of November 15, 2018 to file amended pleadings. Sched. Order (July 16, 2018). Because GACS retained new legal counsel, the parties stipulated to extend certain deadlines in a First Amended Scheduling Order. Stip. and Order (Feb. 20, 2019). The First Amended Scheduling Order pushed the deadline to amend pleadings to May 15, 2019.

"A deadline established by a Scheduling Order may be extended only upon a good cause finding by the Court." CVR 16.5; GRCP 16(b)(4). GACS argues that Rule 15 permits liberal amendment, and that it has not acted in bad faith or with undue delay. Reading Rules 15 and 16 harmoniously, however, the Court finds that GACS must still demonstrate "good cause" to modify the Scheduling Order, in addition to meeting the standard under Rule 15. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

GACS has not demonstrated good cause sufficient to justify its significant delay in seeking to amend its pleading. GACS has not pointed out any new discovery or other evidence that would have caused its delay in seeking to add a counterclaim against George. Moreover, this case has now been pending for over 18 months, and must be resolved without delay in order to meet the timelines established in Administrative Rule No. 13-0003.

The Court therefore DENIES GACS leave to amend and add a counterclaim.

ORIGINAL

---

## III.    CONCLUSION AND ORDER

As material facts remain on GACS' status as a bona fide purchaser, this issue must be determined by a trier of fact. GACS also is untimely is seeking leave to amend its pleading. GACS' Motion for Summary Judgment is therefore DENIED.

The remaining issue before the Court prior to trial is Olivia's Counter-Motion for Summary Judgment. The deadline for the Opposition to the Counter-Motion has passed. The Court will take the Counter-Motion under advisement on October 16, 2019, the deadline for the Reply brief.

SO ORDERED this 14th day of October 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

PLACE VIA COURT BOX

edge that a copy of the
reto was placed in the
f:

10/14/19

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Olivia T. Cruz
F. Randall Cunliffe, Esq., Cunliffe & Cook, for Defendant George V. Cruz
Jacqueline Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, for Defendant Guahan Academy Charter School

ORIGINAL